Judge Haggin
delivered the opinion of the Court.
IN the year 1819, several executions issued from the office of the Montgomery circuit court, against William B. Sears, a non-resident, and who, at the time, was dead. The sheriff levied upon and sold a tract of land in Montgomery, as the estate of Sears, and Triplett became the purchaser. Shortly afterwards, Triplett sold to Young 'an interest in this tract of land, and conferred upon him an authority to prosecute suits for its recovery, and to sell at his discretion, except that Triplet was to be subject to no, responsibility touching the title; and in payment for the interest so purchased by Young, he gave three notes for fifty dollars each. These Triplett assigned to Davis. Young commenced an ejectment against some of the tenants on the land; but it was proved in that suit, thf\t Soars had been dead long before the emanation of the execution. He, therefore, refused to pay Davis. The latter warranted; Young succeeded, and Davis appealed.
On the trial of the appeal, Young filed a ymttan plea impeaching the consideration; and in addition to the facts mentioned, offered proof conducing to show that Triplett had bepn apprised of the deáth of Sears, and concealed i<¡ from him.
The deposition taken in Ute ejectment vyas offered -inc* reac* *D evidence in this case, to prove the death of Sears, the appellant objecting to it, because it was, he supposed, irrelevant. The appellant also objected to ^le °ra* tesl‘mony touching the death of Sears, and the. knowledge of it by his assignor, arid the failure to coiry municate it to Young, as irrelevant and incompetent,
Purchaser knowing of such defect, who sells without war-; ranty to an-other ignorant thereof, ■without communicating •the fact, cannot recover on a note for the consideration money.,
Objection to a deposition taken in a suit infer ali-os, because alleged to be “irrelevant,” will not avail, if the facts deposed to be competent evidence.
in appeals to the circuit court, where there is no declaration, the want of consideration for the obligation, or fraud in the transaction, need not bo pleaded.
If a written plea be filed in such case, the party wili not be confined to its allegations, on the evidenced
The appellant,then moved, the court to instruct the jury, that taking all the proof of the appellee as true, it dqes not support the plea of no,consideration; which was refused.
And on the motion of the appellee, the court, as is inferred, instructed the jury, <k that if Young was un-apprised of the death of Sears, at the time.ofhis purchase, and Triplett knew it, and that at the time of the contract Triplett had full knowledge of that fact, Y.oung was absolved from the'responsibility of a risking or chancing bargainand that, if Sears was dead at the time of the sheriff’s s§le, Triplett derived no title by gaid purchase,” ' t
It is not certain, from the record, that the court gave these instructions; but it is most probable.
, Tf Sears was dead at the time the execution issued, the sale by the sheriff was certainly void, and conferred no title on the purchaser; and if the purchaser, being fully apprised of so fatal an objection to his claim, shall make a contract for its sale, to one ignorant, and known by him to he ignorant of the defect, without communicating the fact, and that sale too of the chancing kind, we would, prima facie, say the Contract could not be enforced.
How far the deposition which it is contended was improperly admitted, m.ay be competent, we have not ex-Omined. The only question made or decided, was as to its relevancy; and certainly it tonded to establish an important fact, the death of Sears, before the issue'of the process.
But ihe incompetency of all the other testimony is made a matter of exception, because of a variance from the tenor of the plea. The law requires no pleading in writing, upon the trial of an appeal. Here, there was no declaration. A written plea could neither be demanded by the appellant, nor-are the appellees concluded by it. We look, therefore, into the merits of the controversy; and thus considered, it has been seen that the testimony was material.
It follows from what has been said, that the court was Correct in the instructions given and refused; and, likewise, in overruling the motion for a new trial..
Judgment affirmed with cos,ts,
June 20.
a motion was made far a re-consideration, and the grounds shown in the following